VINCENT, (A MAN OF COLOR,) *v.* DUNCAN.

1. A negro may be hired to work at the Saline in Illinois for twelve months without becoming free.

2. A negro hired in good faith to work at the Saline for one year, may at the end of that year be hired a second, without working his freedom.

3. An involuntary escape of the negro at the end of twelve months, will not cause a forfeiture.

4. If the owner of slaves take them into Illinois with intent to reside there, and do reside there, keeping the slaves, they become free.

5. If the owner stay in Kentucky, and send his slave to work in Illinois, he becomes free. (Note a.)

6. A slave is incapable of acquiring a permanent settlement or regular domicil by residence.

7. The Constitution of Illinois cannot be controlled by the ordinance of 1787.

8. The admission of A. that he is a slave, is no evidence against him in a suit for freedom.

9. A slave who resided at the Ohio Saline as a laboror, in the year 1817, is entitled to his freedom.

ERROR to St. Louis Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

This is an action for freedom under the statute of this State, brought by Vincent (215) against Duncan. The defendant pleaded the general issue, and that the plaintiff was a slave. On both which pleas issue was joined and found for the defendant, and judgment was given accordingly. To reverse this judgment Vincent has brought up this case by writ of error.

It was in evidence that the plaintiff had been hired to labor at the Illinois Saline, near Shawneetown, from the year 1817 till the year 1825, when he was taken and

carried bound to Kentucky; that he was the reputed slave of a family in Kentucky by the name of Duncan. That John Duncan, and sometimes the defendant, were in the habit of going to the Saline aforesaid, and hiring the plaintiff out and receiving pay for his hire. That the plaintiff, after remaining there some time, became disobedient to James Duncan, and discovered an unwillingness to go to Kentucky with James Duncan, and on some pretence got permission of James Duncan to stay at the Saline to settle his affairs; that finally he was taken and carried by force as above mentioned. That in 1826 he was delivered by John Duncan to the defendant, to be disposed of at the defendant's pleasure. That since the plaintiff had been in St. Louis, he had admitted himself to be the slave of James Duncan.

The Court instructed the jury that by the Constitution of Illinois, the plaintiff might lawfully have been hired at the Ohio Saline in Illinois, from year to year, without being removed to any other State at the end of each year, without "*working*" his emancipation.

Second. If the jury are satisfied that the owner of Vincent, residing in Kentucky, desired to withdraw him from the Saline, and attempted to do so, but was prevented by Vincent, that in such case Vincent cannot recover.

Third. That under the ordinance of 1787, the bare fact that Vincent wrought at the Illinois Saline, from 1817 till 1825, does not work his emancipation.

Fourth. That under the ordinance of 1787, the plaintiff cannot lawfully claim his freedom by reason of any residence in Illinois, which does not amount to a permanent settlement and the acquisition of a regular domicil there.

Fifth. That the Constitution of Illinois is not and cannot be controlled by the ordinance of 1787, as to the existence of slavery within that State.

Sixth. That if the jury shall be of opinion that the plaintiff constantly, down to the fall of 1829, when this suit was brought, acknowledged himself a slave, such (216) evidence is legal and valid, and they may find their verdict upon it.

These instructions are assigned for error.

First. By the Constitution of Illinois, negroes may be hired to work at the Saline if they be not hired for more than twelve months at a time. If a negro were really hired to work at the Saline for five years, the fact that the negro, at the end of each year, was removed over to Kentucky, and afterwards brought back, would not cure the fraud. We conceive then that if the negro were in good faith hired there for one year only, that at the end of the first year he might be again hired another year, without being taken across the line of the State.

In this instruction, then, nothing wrong is seen.

Second. If the owner of Vincent could lawfully hire his negro for twelve months at the Saline, an involuntary escape of his negro at the end of the year would hardly be construed to cause a forfeiture : but it could hardly be conceived that the evidence here given could warrant such an instruction. It rather appears that the negro was unwilling to go, and the master was unwilling to use force.

The instruction then is wrong.

Third. Nothing can be conceived more vague than the instruction here asked. The ordinance was made to prevent the introduction of slaves into the Territory of which Illinois was then a part. This Court has several times decided, that if the owner of slaves took them with him into Illinois, with intent to reside there, and did reside there, keeping his slaves, it was a fraud on the ordinance, and the slave became free. If he stay in Kentucky, and send his slave over to Illinois to reside there, it is

equally a violation of the provisions of the ordinance. The evidence here is, that his owner hired him to labor there. Had the negro eloped from his master and gone over to Illinois without his owner's knowledge or consent, the case is provided for by the act itself. The state of the case did not warrant the instruction. It might mislead the jury, and is wrong.

Fourth. The object of this instruction is not easily perceived. It appears to the Court that a slave is not capable of acquiring either a permanent settlement or regular domicil by residence. This instruction is also unwarranted and erroneous.

Fifth. This instruction is not erroneous.

Sixth. Any fact admitted by the plaintiff might be given in evidence against him, and he would be reduced to the necessity of disproving such fact; but whether he be a slave or not, is a conclusion of law from certain facts which may or may not exist. Such an admission, made even by a lawyer, would be no evidence.

(217) This instruction was surely wrong.

The counsel for the plaintiff prayed the Court to instruct the jury, that if the plaintiff resided at the Ohio Saline as a laborer, in the year 1817, by the consent of his master, he was entitled to his freedom. This instruction was refused. The Constitution of Illinois was adopted in Dec. 1818, and it was in evidence that the plaintiff was hired at the Saline in 1817, and remained hired there till 1825. This instruction ought to have been given. The judgment of the Circuit Court is reversed, and the cause is remanded for further proceedings in conformity with this opinion.

(*a.*) See Wilson *v.* Melvin, 4 Mo. R., p. 595.